### HENRY ZEHNBAUER v. PORTER BUNN.

Decided February 28, 1923.

**Process—Service—Partnership Property Used by One Partner in His Private Business—Negligence.**

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Collins & Corbin.*

For the respondent, *Thomas F. A. Griffin.*

PER CURIAM.

This was an action for personal injuries. The plaintiff was a passenger in a jitney bus, which was being propelled along Bergen avenue, in the city of Jersey City. When near an intersecting street known as Union street the jitney stopped to discharge and take on passengers. While standing still a motor truck, which belonged to the defendant, Bunn, and one Mosher, as partners, ran into the jitney bus and injured the plaintiff. The present suit was brought to recover compensation for injuries received by reason of the collision, and both partners were made defendants. Process was duly served upon Bunn, but service was not obtained upon Mosher, who, at the time of the commencement of the suit, was a non-resident. In this situation, the trial was proceeded with against Bunn alone, and it resulted in a verdict in favor of the plaintiff.

The undisputed proof was that the truck belonged to the partnership; that at the time of the accident it was being driven by Mosher, one of the partners; that the firm business in which the truck was being used had been entirely completed for the day and the truck had been run into the garage some hours before the accident happened; that Mosher, who had removed his residence from the city of Passaic to Jersey City, afterward went to the garage, and took the truck out for the purpose of going to Passaic, there to get some of his personal effects, which he had left in his former residence, and transport them to Jersey City; and that while on the trip back from Passaic to Jersey City the collision occurred. These facts were all testified to by Mosher. As we have said, none of them were disputed, and no attempt was made to impeach the credit of the witness. In this situation, we think the court was required to grant the motion to direct a verdict as against the defendant, Bunn; for there was nothing in the case to show that the truck was being used for any partnership purpose or that it was being used for Mosher's personal affairs with the consent of Bunn.

The plaintiff, instead of awaiting an opportunity to obtain service on Mosher, and then proceeding against both partners jointly and severally, took the chance of being able to fasten the liability upon Bunn alone, and this he failed to do.

The judgment under review will be reversed.